# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TENNESSEE

CHARLES HOLMES,             )
                                     )
       Plaintiff,            )
                                     )
VS.                          )        No. 14-2023-JDT-cgc
                                     )
THE STATE OF TENNESSEE,    )
                                     )
       Defendant.      )

---

## ORDER ADOPTING REPORT AND RECOMMENDATION
## OF MAGISTRATE JUDGE FOR *SUA SPONTE* DISMISSAL
## AND
## ORDER CERTIFYING APPEAL NOT TAKEN IN GOOD FAITH

---

On February 3, 2014, Magistrate Judge Charmiane G. Claxton issued a report and recommendation [DE# 4] that the *pro se* complaint that was filed in this matter against the State of Tennessee and the Tennessee Bureau of Investigation be dismissed for failure to state a claim on which relief may be granted, pursuant to 28 U.S.C. §' 1915(e)(2)(B)(i)-(ii).[1] In his complaint, Plaintiff requests that the State of Tennessee be enjoined from forcing him to register as a violent sex offender, that his name and other personal identifiers be removed from the registry, that all arrests and convictions resulting from Plaintiff being listed on the registry be removed, that the Tennessee sex offenders registry law be declared a violation of the Ex Post Facto clause of the United States Constitution, and that the State of Tennessee

---

[1] Magistrate Judge Claxton granted Plaintiff's motion to proceed *in forma pauperis* in the district court.

be ordered to pay him $200,000 in compensatory and punitive damages.

Plaintiff has filed objections to the report and recommendation. Having carefully reviewed the record, the controlling case law, and Plaintiff's objections, the court agrees with the Magistrate Judge's recommendation. Because the Magistrate Judge thoroughly explained her decision and because an issuance of a more detailed written opinion would be unnecessarily duplicative and would not enhance this court's jurisprudence, the court ADOPTS the report and recommendation for the reasons set forth by Magistrate Judge Claxton, and the case is hereby DISMISSED.

The court must also consider whether Plaintiff should be allowed to appeal this decision *in forma pauperis*, should he seek to do so. Pursuant to the Federal Rules of Appellate Procedure, a non-prisoner desiring to proceed on appeal *in forma pauperis* must obtain pauper status under Fed. R. App. P. 24(a). See Callihan v. Schneider, 178 F.3d 800, 803-04 (6th Cir. 1999). Rule 24(a)(3) provides that if a party was permitted to proceed *in forma pauperis* in the district court, he may also proceed on appeal *in forma pauperis* without further authorization unless the district court "certifies that the appeal is not taken in good faith or finds that the party is not otherwise entitled to proceed in forma pauperis." If the district court denies pauper status, the party may file a motion to proceed *in forma pauperis* in the Court of Appeals. Fed. R. App. P. 24(a)(4)-(5).

The good faith standard is an objective one. Coppedge v. United States, 369 U.S. 438, 445 (1962). The test for whether an appeal is taken in good faith is whether the litigant seeks appellate review of any issue that is not frivolous. Id. It would be inconsistent for a district

court to determine that a complaint should be dismissed prior to service on the defendants, but has sufficient merit to support an appeal *in forma pauperis*.  See Williams v. Kullman, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983).  The same considerations that lead the court to dismiss this case for failure to state a claim also compel the conclusion that an appeal would not be taken in good faith.

It is CERTIFIED, pursuant to Fed. R. App. P. 24(a), that any appeal in this matter by Plaintiff is not taken in good faith.  Leave to proceed on appeal *in forma pauperis* is, therefore, DENIED.  Accordingly, if Plaintiff files a notice of appeal, he must also pay the full appellate filing fee or file a motion to proceed *in forma pauperis* and supporting affidavit in the Sixth Circuit Court of Appeals within thirty (30) days.[2]

The clerk is directed to enter judgment accordingly.

IT IS SO ORDERED.

 s/ **James D. Todd**
JAMES D. TODD
UNITED STATES DISTRICT JUDGE

---

[2] Pursuant to Fed. R. App. P. 3(a), any notice of appeal should be filed in this court.  A motion to appeal *in forma pauperis* then should be filed directly in the United States Court of Appeals for the Sixth Circuit.  Unless he is specifically instructed to do so, Plaintiff should not send to this court copies of motions intended for filing in the Sixth Circuit.